require professional training and are not common knowledge."). Furthermore, while Patel suggests that the inconsistency between the MRI readings is sufficient to establish his case, the chain of causation between the inconsistency and Patel's injury is not obvious. As a result, expert testimony was necessary to establish that any delay resulting from the inconsistent readings caused further injury or prevented Patel from attempting to have the tendon surgically repaired. *See Columbia Med. Ctr. of Las Colinas v. Hogue*, 271 S.W.3d 238, 246 (Tex.2008).

In sum, Patel was required to present expert testimony to establish the applicable standard of care, to show how the care he received breached that standard, and to establish causation. It is undisputed that Patel neither designated nor hired an expert to testify on his behalf. By pointing out the need for, and lack of, expert testimony, Dr. Baluyot and Doctor's Hospital met their summary judgment burden.[2]

### IV.

For the reasons discussed above, we affirm the district court's grant of summary judgment and dismiss Patel's other claims for lack of jurisdiction.

RADER & CAMPBELL, a Professional Corporation; Donovan Campbell, Jr.; McCord Wilson, Plaintiffs–Appellees

v.

Suzanne COATES, Defendant–Appellant.

No. 09–10977.

United States Court of Appeals, Fifth Circuit.

June 30, 2010.

G. Luke Ashley, George C. Chapman, Robert Knox Mitchell, Esq., Thompson & Knight, L.L.P., Dallas, TX, for Plaintiffs–Appellees.

James Robert Krause, Carter Boisvert, Friedman & Feiger, Dallas, TX, Harry A. Rosenberg, Phelps Dunbar, L.L.P., New Orleans, LA, for Defendant–Appellant.

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5th Cir. R. 47.6.

---

**2.** Patel argues that Dr. Baluyot's affidavit does not constitute competent summary judgment evidence. His argument is irrelevant to the resolution of this case. Summary judgment was granted in favor of the Defendants because Patel could not establish facts in support of his claim, not because of anything said by Dr. Baluyot in his affidavit. *See GeoSouthern Energy Corp. v. Chesapeake Operating Inc.,* 274 F.3d 1017, 1020 (5th Cir.2001) ("Summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his *prima facie* claim.").

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.